REDMANN, Judge.
Plaintiff moves dismissal of a suspensive appeal for failure to furnish increased security for the appeal as ordered by the trial court. Because the judgment increasing security was improper, we deny the motion.
Defendant had timely furnished in cash the $1,200.00 appeal security first ordered. Plaintiff’s motion to dismiss refers to a post-appeal judgment ordering the appeal security increased to $3,200.00 “to be filed within 24 hours of the rendition of this judgment.”
Because C.C.P. 5124 allows “four days, exclusive of legal holidays,” to furnish new or supplemental security, the judgment on which mover relies erred in allowing only 24 hours and thereby misled defendant and denied him the four-day opportunity the law allows. We recognize that C.C.P. 4735 requires that the original security be filed within 24 hours to suspend an eviction. However, once the suspensive appeal is perfected by timely furnishing the original security, the trial court’s jurisdiction is described (although not exhaustively) by C.C.P. 2088(5) as to “consider objections to the . . . sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124 and 5126 •....” The urgent necessity of bond within 24 hours to protect the landowner is satisfied by the timely filing of the first security (here, $1,200.00 on a building that rented for $400.00 with half that rent going towards the optioned purchase price.) We conclude that the four-day period of C.C.P. 5124 is made applicable by C.C.P. 2088(5).
We therefore deny the motion to dismiss, but note that the trial judge retains authority to amend his judgment to provide the four days required by C.C.P. 5124 after appropriate notice to appellant.
Motion denied.